**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

SONSEEHRAY K. MOLOSKY,

Plaintiff,

v. Case No. 2:25-cv-595-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.
_________________________________/

# OPINION AND ORDER[1]

## I. Status

Sonseehray K. Molosky ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for child disability insurance benefits ("CDIB")[2] and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of anxiety, depression, dyslexia, insomnia, and social phobia. Transcript of Administrative

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

[2] See 20 C.F.R. § 404.350(a)(5) (providing for "child's benefits on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died if . . . [the claimant] is 18 years old or older and ha[s] a disability that began before [he or she] became 22 years old").

Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed September 5, 2025, at 129, 138, 145, 155, 299.

On November 1, 2021 and October 5, 2021, Plaintiff protectively filed applications for CDIB and SSI, respectively, alleging a disability onset date of June 1, 2017 in both applications. Tr. at 273-76 (CDIB), 277-86 (SSI).[3] The applications were denied initially, Tr. at 127, 138-43, 177-80 (CDIB); Tr. at 128, 129-37, 172-75 (SSI), and upon reconsideration, Tr. at 154, 155-61, 184-86 (CDIB); Tr. at 144, 145-53, 188-90 (SSI).

On April 23, 2024, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who appeared with a non-lawyer representative, and a vocational expert ("VE").[4] Tr. at 43-61. At the time of the hearing, Plaintiff was twenty-five (25) years old. Tr. at 49. On June 26, 2024, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 11-27.

---

[3] The CDIB application is actually dated September 30, 2021 with an alleged onset date of May 2, 2012. See Tr. at 273. An application summary is dated November 1, 2021 and contains an alleged onset date of June 1, 2017. Tr. at 287-88. The SSI application is actually dated October 12, 2021 with an alleged onset date of January 1, 2003. See Tr. at 277. The protective filing date for the applications is listed in the administrative transcript as November 1, 2021 for the CDIB claim and October 5, 2021 for the SSI claim, with an alleged onset date for both applications of June 1, 2017. Tr. at 138, 155 (CDIB), 129, 145 (SSI). The administrative transcript also contains agency documents and decisions regarding prior claim filings that are not at issue here. Tr. at 62-72, 73, 74, 75, 78, 79-91, 97-109, 115-18, 119-20, 121-24, 125-26. (Plaintiff was found to be disabled as a child by the SSA and her disability was found to have ceased in 2017. Tr. at 379.)

[4] The hearing was held via telephone, with Plaintiff's consent. Tr. at 45-47, 256.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted a brief authored by her lawyer and additional medical evidence. Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 42 (medical evidence), 267-69 (request for review), 395-537 (brief and supporting exhibits). On June 23, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On July 9, 2025, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in: 1) finding persuasive the opinion of a state-agency psychological consultant but then failing to include the consultant's assigned limitations in the residual functional capacity ("RFC"); 2) finding Plaintiff's reading disorder is a severe impairment but failing to include any reading limitations in the RFC; 3) limiting Plaintiff to "occasional changes in the work setting" but then finding Plaintiff can perform jobs that require more than that; and 4) determining Plaintiff's educational level. Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 12; "Pl.'s Mem."), filed October 6, 2025, at 1-2; see also id. at 5, 10, 13, 17. On December 29, 2025, Defendant filed a Memorandum of Law in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the state-agency psychological consultant's opinion (Plaintiff's issue one).[5] On remand, this reconsideration may impact the Administration's consideration of the remaining issues on appeal. For this reason, the Court need not address the parties' arguments on those issues. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining

[5] Plaintiff seeks a reversal with a direction that the SSA award benefits, or alternatively, reversal with remand. Pl.'s Mem. at 21. Although generally cases are remanded to the Commissioner for further proceedings, it may be appropriate to remand only for an award of disability benefits when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citing Bowen v. Heckler, 748 F.2d 629, 635-36 (11th Cir. 1984)). This is not the type of case in which a direction for an award of benefits is appropriate, because disability has not been established without any doubt.

[6] "Disability" is defined in the Social Security Act as the "inability to engage in

(Continued…)

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). This inquiry is followed in evaluating CDIB claims, see 20 C.F.R. § 404.1520(b), and in evaluating SSI claims in which the claimant is age 18 or older, see 20 C.F.R. § 416.920(a)(2). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found Plaintiff "had not attained age 22 as of June 1, 2017, the alleged onset date," Tr. at 16, a threshold question in CDIB claims. Next, the ALJ followed the five-step inquiry. See Tr. at 16-27. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 1, 2017, the alleged onset date." Tr. at 16 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments:

any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

persistent depressive disorder with intermittent major depression, social anxiety, generalized anxiety disorder, and specific learning disorder in reading." Tr. at 16 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 17 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform medium work as defined in 20 CFR [§§] 404.1567(c) and 416.967(c) except [Plaintiff] is able to understand, remember, and carry out simple repetitive tasks; make judgments on simple work-related decisions in such work environment; concentrate, attend, and persist on task for two-hour periods; perform low stress work defined as only occasional decision-making and only occasional changes in the work setting; and occasional interaction with coworkers and supervisor and no interaction with the general public.

Tr. at 20 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "has no past relevant work." Tr. at 25 (emphasis and citations omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 25-27. After considering Plaintiff's age ("18 years old . . . on the alleged disability onset date"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that

[Plaintiff] can perform," such as "Sweeper/cleaner," "Laundry laborer," and "Coach/bus cleaner." Tr. at 25-26 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 1, 2017, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation

omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff challenges the ALJ's findings regarding state-agency non-examining psychological consultant, Jessy Sadovnik, Psy.D. See Pl.'s Mem. at 5-10. According to Plaintiff, despite finding Dr. Sadovnik's opinion "persuasive," the ALJ failed to include several of Dr. Sadovnik's opined limitations in the RFC: "moderate[ly] limited ability in setting realistic goals and/or making plans independently of others; moderately limited ability to accept instructions and respond appropriately to criticism from supervisors; [and] 'can follow two and some simple three step commands.'" Id. at 7 (quoting Tr. at 135-36). Responding, Defendant does not directly address the ALJ's failure to include these specific limitations. See Def.'s Mem. at 7-11. Instead, Defendant argues generally that the ALJ did not err in evaluating the opinion evidence and contends the ALJ "adopted an RFC that aligned with the State agency opinions and the subsequent consultative examiner opinion of Dr. Kenneth Visser." Id. at 10 (citation omitted).

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding

the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

---

[7] Plaintiff filed her applications after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[8]

Here, Dr. Sadovnik on July 6, 2022 reviewed the file and authored an opinion as to Plaintiff's mental functioning. Tr. at 134-36. Among other

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

findings, Dr. Sadovnik stated Plaintiff "demonstrates moderate limited ability in maintaining attention and concentration for extended periods" and "to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances." Tr. at 135. Moreover, according to Dr. Sadovnik, Plaintiff "has moderate limitations in her ability to maintain a normal workday without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number of rest periods." Tr. at 135. Dr. Sadnovik stated Plaintiff also has moderate limited abilities in the social interactions of "interact[ing] appropriately with the general public"; "accept[ing] instructions and respond[ing] appropriately to criticism from supervisors" and "get[ting] along with coworkers or peers without distracting them or exhibiting behavioral extremes." Tr. at 135.

As far as adaptation limitations, Dr. Sadovnik indicated Plaintiff is moderately limited in "respond[ing] appropriately to changes in the work setting" and "setting realistic goals and/or making plans independently of others." Tr. at 136. According to Dr. Sadovnik, Plaintiff should not have issues with remembering simple and detailed instructions, but she "may have intermittent disturbances from mental impairments" and "can follow two and some simple three step commands and can persist and maintain attention and concentration for two hour increments sufficiently enough to complete an eight-hour workday." Tr. at 136. Dr. Sadovnik opined Plaintiff "may function best in

an environment with minimal social interaction with the general public and co-workers and a supportive management style." Tr. at 136.

The ALJ, addressing both the opinion of Dr. Sadovnik (at issue) and the reconsideration level opinion of state-agency psychological consultant Bevlyn Sagon Ph.D.[9] (not at issue), found as follows:

> The undersigned is persuaded by the opinions of the state agency psychologists who opined [Plaintiff] had severe mental impairments and mental limitations. The opinions are supported by references to the medical record evidence. The opinions are consistent with generally stable findings on examination with some waxing and waning of symptoms, treatment history with medication management therapy, and activities of daily living including completing high school, completing standardized testing, satisfactorily completing a vocational situational assessment, performing personal care, preparing simple meals,

[9] On reconsideration, Dr. Sagon found:

> [Plaintiff] is able to understand, recall and perform simple and detailed tasks, but not complex tasks, and make occasional related judgments. [Plaintiff] is able to attend to and complete more than basic tasks, including tasks that require some skills and judgment, but that do not require doing complex work duties. [Plaintiff] is able to concentrate and focus for two hour periods with routine breaks, and pace and persist for 8-hour workday and 40-hour work week despite psychological symptoms. Due to periodic uncontrolled psychological symptoms, [Plaintiff] will have difficulty maintaining concentration for complex tasks and will experience some lapses on some tasks that require sustained attention. [Plaintiff] is able to interact with coworkers and supervisors to learn tasks and accept criticism but can only tolerate incidental/occasional public contact. [Plaintiff] is able to adapt to work setting and some changes in the work setting.

Tr. at 151-52.

> cleaning, and going to Sea World with her boyfriend and his family.

Tr. at 24.[10]

The ALJ erred with respect to Dr. Sadovnik's opinion in two respects. First, the ALJ addressed only the aspect of the opinion that found Plaintiff had "severe mental impairments and mental limitations" and did not address the actual functional limitations provided in the opinion. Tr. at 24. Second, the ALJ found (a limited aspect of) the opinion persuasive but evidently failed to recognize or incorporate a number of its actual limitations in the RFC; in particular, Dr. Sadovnik's findings of moderate limited ability in setting realistic goals and/or making plans independently of others; moderate limited ability to accept instructions and respond appropriately to criticism from supervisors; and ability to follow two- and some simple three-step commands. Compare Tr. at 24 (findings on Dr. Sadovnik's opinion), with Tr. at 20 (RFC). Without the ALJ having recognized these limitations and explaining whether they were adequately accounted for in the assigned RFC, judicial review is frustrated. See, e.g., Weidlich v. Comm'r of Soc. Sec., 2023 WL 8015753, at *2 (11th Cir. 2023) (when an assigned RFC conflicted with a medical opinion that the ALJ found generally persuasive, finding "the absence of a clear explanation

---

[10] The ALJ did not refer to Dr. Sadovnik and Dr. Sagon by name but cited "Ex. B12A and B15A" which contain their respective opinions. Tr. at 24.

violates SSR 96-8p and constitutes reversible error”). The matter must be reversed and remanded for reconsideration of Dr. Sadovnik’s opinion.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner’s final decision and **REMANDING** this matter with the following instructions:

(A) Reevaluate the opinion of non-examining psychological consultant Dr. Sadovnik regarding Plaintiff’s mental limitations;

(B) If necessary, address Plaintiff’s other arguments in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 10, 2026.

James R. Klindt

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record